UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-01889 JAK (RAOx) | Date | June 30, 2016 |
| Title | Jose Manuel Garcia, Jr., et al. v. Owens-Brockway Glass Container Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO REMAND REMOVED ACTION (DKT. 11)**

**I.   Introduction**

On February 17, 2016, Jose Manuel Garcia, Jr. and Jose Perez ("Plaintiffs") brought this action in the Los Angeles Superior Court ("LASC") against Owens-Brockway Glass Container Inc., erroneously sued as Owens-Illinois, Inc. ("Defendant"). Complaint, Dkt. 1-1. The Complaint advances a single cause of action for negligence. It alleges that, while Plaintiffs were working in a facility operated by Defendant, they were exposed to a chemical powder spill and suffered severe burns as a result. *Id.*

On March 18, 2016, Defendant filed a notice of removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. 1. Defendant argues that it is facially apparent from the allegations in the Complaint that the $75,000 amount in controversy requirement for diversity jurisdiction is satisfied. Notice of Removal, Dkt. 1 at 4 (citing *Hammarlund v. C.R. Bard, Inc.*, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) ("In cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied.")). Defendant also argues that juries in cases tried in the LASC that involved severe burns returned verdicts well in excess of $75,000. *Id.* (citing *Gragosian v. Sarkissian*, 2013 WL 8374152 (Cal. Sup. Ct. Jan. 29, 2013) ($120,000 verdict where plaintiff suffered second and third-degree burns to feet requiring surgical debridement and skin graft); *Doody v. Castle Rock Healthcare Servs. Inc.*, 2002 WL 1461865 (Cal. Sup. Ct. Feb. 4, 2002) ($207,025 verdict where plaintiff suffered third-degree burns to ankle and calf requiring skin graft surgery); *Schmittke vs. Med. Ctr. of N. Hollywood*, 1990 WL 10088014 (Cal. Sup. Ct. May 7, 1990) ($115,000 verdict where plaintiff suffered third-degree burns to chest and upper arm requiring skin graft surgery)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-01889 JAK (RAOx) | Date | June 30, 2016 |
| Title | Jose Manuel Garcia, Jr., et al. v. Owens-Brockway Glass Container Inc., et al. | | |

On April 19, 2016, Plaintiffs filed a motion to remand the action to the LASC (("Motion"), Dkt. 11). Defendant opposed the Motion (("Opposition"), Dkt. 13), and Plaintiffs replied (("Reply"), Dkt. 14).

A hearing on the Motion was held on June 27, 2016, and the matter was taken under submission. Dkt. 17. For the reasons stated in this Order, the Motion is **DENIED**.

**II.     Allegations in the Complaint**

On January 22, 2016, Plaintiffs used equipment to vacuum a commercial oven at a location in which Defendant conducted certain operations. During the course of Plaintiffs' work, a hot chemical powder spilled on them. Complaint ¶¶ 7, 8, Dkt. 1-1. The Complaint alleges that the exposure to the hot powder caused "severe and catastrophic" burns to Plaintiffs' bodies, including their arms, hands, legs, feet and faces, and that it also caused "debilitating" and "immense pain." *Id.* ¶ 11. As a result of the burns, Plaintiffs required emergency medical treatment. *Id.* ¶¶ 8, 11. Plaintiffs also allege that each may require further medical treatment, including possible skin grafts and plastic surgery. *Id.*

The Complaint alleges that Defendants: (i) "negligently maintained, controlled, managed, operated, inspected, and/or supervised said premises as to prevent foreseeable workers, such as Plaintiffs, from being exposed to perilous and unsafe conditions;" (ii) failed to warn Plaintiffs of the potential for such danger; and (iii) failed to provide protective clothing to Plaintiffs that would have protected them from the injuries each sustained. *Id.* ¶¶ 8, 9. The Complaint also alleges that the amount of medical and incidental expenses incurred by Plaintiffs is presently unknown. *Id.* ¶¶ 12, 13. However, it does allege that "for a long period . . . in the future" Plaintiffs will "be required to employ physicians and incur continuing medical and incidental expenses thereby." *Id.* ¶ 13. Furthermore, the Complaint alleges that, because of the injuries sustained by Plaintiffs, they will be unable to work in their jobs, which will result in continued loss of income. *Id.* ¶ 14.

Plaintiffs seek general damages, medical and incidental expenses, special and incidental damages, loss of earnings, pre-judgment interest and costs. *Id.* at 5. No specific amount of claimed damages is stated in the Complaint.

**III.     Analysis**

    **A.     Legal Standard for Diversity Jurisdiction**

A motion to remand challenges the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one that could have been brought originally in a federal court. 28 U.S.C. § 1441(a). As noted, federal courts have diversity jurisdiction over an action that has been removed where the amount in controversy exceeds $75,000, exclusive of interest and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01889 JAK (RAOx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | Jose Manuel Garcia, Jr., et al. v. Owens-Brockway Glass Container Inc., et al. | | |

costs, and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

Because federal courts are courts of limited jurisdiction, the statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party has the burden of establishing that it was proper to do so. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

When a complaint filed in a state court does not allege an amount in controversy, a defendant seeking removal of that action must prove "by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). To satisfy this burden, the defendant must provide evidence that it is "more likely than not" that the amount in controversy satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

Courts "may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." S*inger v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal citations and quotation marks omitted). "[A] defendant can show the amount in controversy by introducing evidence of jury verdicts in cases with analogous facts." *Soto v. Kroger Co.*, No. SACV 12-0780-DOC, 2013 WL 3071267, at *3 (C.D. Cal. June 17, 2013). Removal cannot be based "simply upon conclusory allegations" S*inger*, 116 F.3d at 377.

    **B.**    **Application**

        1.    <u>Amount in Controversy</u>

Plaintiffs contend that Defendant has failed to meet its burden of establishing that the amount in controversy exceeds $75,000. They note that there has been no discovery from which the amount or range of claimed damages can be determined. Therefore, Plaintiffs argue that Defendant's contention about the amount in controversy is based on speculation. Motion, Dkt. 11 at 11.

Defendant responds that it is facially apparent from the allegations of the Complaint that the $75,000 jurisdictional minimum has been met. Opposition, Dkt. 13 at 5. In support of this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-01889 JAK (RAOx) | Date | June 30, 2016 |
| Title | Jose Manuel Garcia, Jr., et al. v. Owens-Brockway Glass Container Inc., et al. | | |

position Defendant cites the allegations in the Complaint that Plaintiffs suffered "severe and catastrophic burns to [their] bodies," which will require "emergency medical treatment, including possible skin grafts and plastic surgery." *Id.* at 3-4 (quoting Complaint ¶ 8, Dkt. 1-1). Defendant also refers to the allegations as to claimed damages for past and future medical and incidental expenses, lost earnings and general damages. *Id.* Defendant contends that it is apparent from these allegations that the amount in controversy has been met as to each Plaintiff. Defendant argues that in "cases involving severe injuries, especially those requiring surgery, courts have found that it is facially apparent from the complaint that the amount in controversy was satisfied." *Id.* at 4 (quoting *Hammarlund*, 2015 WL 5826780, at *2).

Defendant also cites to what it contends are similar civil actions that resulted in jury verdicts greater than $75,000. *Id.* (citing *Salazar v. Terry Bedford Concrete Constr. Inc.*, 2007 WL 3022436 (Cal. Sup. Ct., Aug. 3, 2007) ($552,094 awarded where plaintiff suffered burns requiring skin grafts); *Barnhart v. City of San Diego*, 2002 WL 32121729 (Cal. Sup. Ct., Nov. 4, 2002) ($214,467 awarded to plaintiff who suffered second and third degree burns requiring debriding and grafting and possible future scar release surgery); *Kolodziey v. Kmart Corporation*, 1998 WL 1064829 (Cal. Sup. Ct., Dec. 18, 1998) ($13.9 million and $12.4 million awarded, respectively, to two plaintiffs who suffered second and third degree burns, weeks of hospitalization and numerous surgeries and skin graft procedures); *Navarro v. Gen. Motors Inc.*, 1996 WL 526120 (Cal. Super. Ct., July 26, 1996) ($926,811 awarded to plaintiff who suffered third degree burns requiring six total skin graft surgeries and a 2.5-month hospital stay). Plaintiffs reply that the plaintiffs in those cases underwent skin grafts and surgery. Neither had occurred at the time of the removal of this action as to either Plaintiff. Reply, Dkt. 14 at 5.

A review of the Complaint shows that its allegations are sufficient, on their face, to establish the $75,000 jurisdictional minimum. Plaintiffs seek compensatory damages for what are alleged to be severe injuries that will require significant medical treatment. They also seek damages for the pain and suffering each endured as a result of the burns. This is enough to meet the facial review standard. *Hammarlund*, 2015 WL 5826780, at *2 ("In cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied."); *Campbell v. Bridgestone/Firestone, Inc.*, No. CVIF-051499-FVS-DLB, 2006 WL 707291, at *3 (E.D. Cal. Mar. 17, 2006) (amount in controversy satisfied where, following a motor vehicle accident, the plaintiff allegedly suffered head trauma, a broken arm, broken wrist, a deep laceration to his lower leg and sought damages for wage loss, property loss, hospital and medical expenses, and loss of earning capacity); *Purdiman v. Organon Pharms. USA, Inc.*, No. 2:08-CV-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008) (amount in controversy met where the plaintiff allegedly suffered permanent and debilitating injuries, spent six days in the hospital and was unable to move any part of her body during her entire hospital stay); *Black v. Monster Beverage Corp.*, No. EDCV1502203MWFDTB, 2016 WL 81474, at *2 (C.D. Cal. Jan. 7, 2016) ("the verdicts show that compensatory damages recoverable for injuries caused by severe maladies such as cardiac arrest are expected to exceed $75,000"); *Smith v. Monster Beverage Corp.*, No. C16-5124 BHS, 2016 WL 2586637, at *3 (W.D. Wash. May 5, 2016) (finding the jurisdiction minimum met where the plaintiff alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-01889 JAK (RAOx) | Date | June 30, 2016 |
| Title | Jose Manuel Garcia, Jr., et al. v. Owens-Brockway Glass Container Inc., et al. | | |

suffering "serious, permanent, and life-altering injuries" from a hemorrhagic stroke and was "immediately transported to the hospital" and incurred expenses for "doctors, hospitals, nurses, pharmaceuticals, and other reasonably required and medically necessary supplies and services.").

Plaintiffs respond that in some of the foregoing cases, verdicts were rendered after the plaintiffs had undergone surgery and received skin grafts. They contend that it is not yet known if either will be required here as to one or both Plaintiffs. The allegations of the Complaint undercut this theory. They include that such surgery or skin grafts may be necessary. At the hearing, Plaintiffs' counsel also noted that these cases involved plaintiffs who were burned by a fire, rather than by contact with a hot chemical powder. This is a distinction without a difference for purposes of the present issue. The Complaint alleges severe burn injuries. Moreover, given that the injuries occurred and medical treatment was provided approximately six months ago, Plaintiffs could have offered evidence to rebut the logical conclusion that flows from the allegations in the Complaint. Thus, they could have shown that the medical costs have been modest and that no additional treatment is planned. They have not done so. Nor have they adequately responded given that the allegations of general damages apply to pain and suffering and lost wages, and not just medical expenses.

For the foregoing reasons, Defendants have established that it is more likely than not that the amount in controversy as to each individual Plaintiff exceeds $75,000. Therefore, the Motion is **DENIED**.

        2.      Diversity of Citizenship

Plaintiffs contend that there will not be complete diversity in this action because Plaintiffs intend to amend the Complaint to add as defendants one or more persons whom Plaintiffs have a reasonable basis to believe are California citizens. Motion, Dkt. 11 at 14. The planned defendants are certain employees of the Defendant who were responsible for the unsafe conditions that led to Plaintiffs' physical injuries. *Id.* at 13. Plaintiffs do not yet know the names of these employees, but will identify them through discovery. *Id.* at 14. Plaintiffs do not provide any legal authority to support this argument, i.e., that there is no jurisdiction because an absence of diversity may later arise.

Defendant responds that on a motion to remand, diversity jurisdiction is evaluated at the time of the notice of removal. Opposition, Dkt. 13 at 7 (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). Defendant adds that if Plaintiffs seek to add defendants at a later time, complete diversity would be tested as of the time leave to amend is granted *Id.* (citing *Lewis v. Lewis*, 358 F.2d 495, 502 (9th Cir. 1966)). They also contend that the Court would be required to scrutinize such an amendment to determine whether it was designed to defeat diversity jurisdiction. *Id.* (citing 28 U.S.C. § 1447(e); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086-87 (C.D. Cal. 1999); *McGrath v. Home Depot USA, Inc.*, 2014 WL 1404741, at *4-5 (S.D. Cal. Apr. 10, 2014)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01889 JAK (RAOx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | Jose Manuel Garcia, Jr., et al. v. Owens-Brockway Glass Container Inc., et al. | | |

Defendant adds that none of its employees owns or controls the premises at issue here, none was present at the time of the incident and none owed a duty to Plaintiffs. *Id.* at 8.

"When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court." *Miller*, 763 F.2d at 373. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

This issue is not ripe for adjudication. There is no certainty that other persons will be named as defendants. Nor is there any certainty that any such defendant is a citizen of California. If Plaintiffs claim that both of these conditions are satisfied later in this action, they can seek a remand. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

For the foregoing reasons, the Motion is **DENIED WITHOUT PREJUDICE** on this ground.

**IV.     Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**. The dates set at the Scheduling Conference remain in place.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |